UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH E. RAMSEY, ) | |
| ) | Case No. 1:10-CV-283 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| HAMILTON COUNTY, HAMILTON ) | |
| COUNTY SHERIFF JIM HAMMOND, ) | |
| SHERIFF'S DEPUTY CHIEF RON ) | |
| PARSON, DEPUTY RICKY A. JONES, ) | |
| OFFICER JOHN DOE ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion to dismiss (Court File No. 3) filed by Defendants Hamilton County, Hamilton County Sheriff Jim Hammond, Sheriff's Deputy Chief Ron Parson, Deputy Ricky A. Jones, and Officer John Doe (collectively, "Defendants"). Plaintiff Kenneth E. Ramsey ("Mr. Ramsey") failed to file a response to the motion to dismiss. For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss (Court File No. 3). The Court will **DISMISS** Counts One, Three, Four, and Five of Mr. Ramsey's complaint.

**I.     FACTUAL BACKGROUND**

On September 14, 2009, Mr. Ramsey was given a misdemeanor citation during a traffic stop effectuated by Defendant Ricky Jones for speeding 70 miles per hour in a 55 miles per hour zone and for operating a vehicle with a suspended driver's license (Court File No. 1-1)**.** Mr. Ramsey was not arrested or taken into custody; rather, he was allowed to promise to appear on the misdemeanor citation (*id.*) On March 3, 2010, Mr. Ramsey appeared in General Sessions Court where all charges

were dismissed (*id.*).

As a result Mr. Ramsey brings suit against Hamilton County, Tennessee, Hamilton County Sheriff Jim Hammond, Sheriff's Deputy Chief Ron Parson, Deputy Ricky Jones, and Officer John Doe. The officers are sued in their individual and official capacities. In his complaint, Mr. Ramsey alleges Defendants (1) violated his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983; (2) violated Tenn. Code Ann. § 8-8-302; and (3) violated Mr. Ramsey's state law rights when they falsely and illegally arrested, imprisoned, and detained Mr. Ramsey. Mr. Ramsey also alleges Defendant Jones maliciously prosecuted him. Now before the Court is Defendants' motion to dismiss on the grounds Mr. Ramsey's claims are time-barred by the applicable statutes of limitation (Court File No. 3).

## II. STANDARD OF REVIEW

Defendants move this Court to dismiss with prejudice any cause of action brought against them pursuant to Fed. R. Civ. P. 12. Specifically, Defendants argue Mr. Ramsey's claims did not accrue within one year before commencement of this action and are barred under the applicable statutes of limitation (Court File No. 3). "The burden is on a defendant to show that the statute of limitations has run . . . However, once the defendant carries that burden, the plaintiff has the burden to establish an exception to the statute, such as tolling or late discovery of the injury." *Swanson v. Wilson*, No. 10-5064, 2011 WL 1900389, at *5 (6th Cir. May 20, 2011).

Rule 12(b)(6) of the Federal Rules of Civil Procedure "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In addition, under Rule 12(b)(6), the

2

Court must construe the complaint in light most favorable to Plaintiff and determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," bare assertions of legal conclusions are insufficient, and there must be more than "threadbare recitals of a cause of action[]." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 -40 (2009). Nonetheless, "the existence of genuine issues of material fact warrants denial of the motion to dismiss." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

### III. DISCUSSION

#### A. Section 1983

Counts One, Two, and Six of Plaintiff's complaint allege violations under 42 U.S.C. § 1983. Section 1983 does not contain a statute of limitations. "Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, the [C]ourt is required to apply the most closely analogous statute of limitations provided under the laws of the State of Tennessee." *Thomas v. Bivens*, No. 3:09-CV-62, 2011 WL 32207, at *8 (E.D. Tenn. Jan. 5, 2011) (referencing *Wilson v. Garcia*, 471 U.S. 261 (1984)). "In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 788 (6th Cir. 2010) (citing Tenn. Code Ann. § 28-3-104(a)(3)).

However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not*

3

resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).

      **1.**     **Count One**

In Count One, Mr. Ramsey alleges each Defendant violated his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments when Mr. Ramsey was "falsely and illegally detained" and caused "mental anguish" on September 14, 2009 (Court File No. 1-1 at 3, 4). The statute of limitations for a false arrest or imprisonment begins to run when Plaintiff is no longer improperly detained, "not at the end of legal proceedings resulting from the arrest." *Gardner v. Bisceglia*, 956 F.2d 1164 (table), No. 91-5751, 1992 WL 46830, at *4 (6th Cir. March 11, 1992). Here, Mr. Ramsey was only detained on September 14, 2009. In addition, it is clear from the facts asserted in Mr. Ramsey's complaint, his claim of mental anguish as a result of the "public display on the side of the road" accrued at the same time. Accordingly, because Mr. Ramsey did not file his complaint in the Circuit Court of Hamilton County until September 15, 2010, the claim asserted in Count One is time-barred. The Court will **GRANT** Defendant's motion to dismiss as to this claim, and the Court will **DISMISS** Count One of the complaint.

      **2.**     **Count Two**

In Count Two, Mr. Ramsey asserts a claim of municipal liability against Defendant Hamilton County, Tennessee, alleging it is a custom and policy of the county "to fail to verify claims against . . . Mr. Ramsey . . . and others similarly situated" (Court File No. 1-1 at 4). In addition, Mr. Ramsey contends Defendants Ricky Jones and John Doe failed to take steps to prevent Plaintiff's

alleged malicious prosecution (*id*. at 4).[1]  To the extent both of these allegations are related to Plaintiff's claim for malicious prosecution, the Court finds Count Two is not time-barred.  "A cause of action for malicious prosecution accrues when a malicious suit is finally terminated in the defendant's favor." *Christian v. Lapidus*, 833 S.W. 2d 71, 73 (Tenn. 1992).  In other words, Mr. Ramsey's claim for malicious prosecution did not accrue until March 3, 2010 when, according to his complaint, all charges were dismissed (Court File No. 1-1).  Accordingly, the Court will **DENY** Defendants' motion to dismiss as to Count Two.

### 3. Count Six

Count Six also asserts a claim for malicious prosecution (*id*. at 5).  Although Mr. Ramsey does not articulate whether this claim is brought pursuant to § 1983 or under the laws of the state of Tennessee, the Court will construe the claim as being brought pursuant to both.  Considering Mr. Ramsey's claim as a violation under § 1983, the Court finds such claim is not time-barred.  The Court will **DENY** Defendant's motion to dismiss Count Six to the extent it asserts a federal civil rights violation.

### B. State Law Claims

Mr. Ramsey also brings several state law claims against Defendants.  Defendants also argue these claims are time-barred.

### 1. Count Three

In Count Three, Mr. Ramsey argues Defendant Hamilton County, Tennessee is liable for the actions of the other defendants pursuant to Tenn. Code Ann. § 8-8-302, which states "anyone incurring any wrong . . . resulting from any act or failure to act on the part of any deputy . . . may

---

[1] The Court will also construe this as a claim for malicious prosecution.

bring suit against the county . . ." Section 8-8-302, however, "contains no limitations period and does not indicate when [a] plaintiff's cause of action accrues." *Cross v. Shelby County*, No. W2005-01231-COA-R3-CV, 2006 WL 1005168, at *5 (Tenn. Ct. App. April 18, 2006).

"The Tennessee Court of Appeals has opined[, however,] that the [Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-205] supercedes § 8-8-302 as it relates to actions based on negligence, but that § 8-8-[302] controls as to suits for intentional misconduct of officers." *Thomas*, 2011 WL 32207, at *11. Here, it is clear Mr. Ramsey's claim for false arrest or imprisonment are based on the negligent acts of all Defendants (Court File No. 1-1 at 5).[2] Because Tenn. Code Ann. § 29-20-205(2) grants immunity to a governmental entity for false imprisonment, false arrest, malicious prosecution and acts arising out of civil rights, Defendant Hamilton County, Tennessee is immune from suit based on Mr. Ramsey's claim in Count Three. Accordingly, the Court will **DISMISS** Count Three of Mr. Ramsey's complaint.[3]

### 2. Count Four

In Count Four, Mr. Ramsey alleges Defendants violated the common and statutory laws of Tennessee by "falsely and illegally arresting, imprisoning, and detaining Mr. Ramsey and causing him to suffer mental anguish" (*id.* at 4). Although Mr. Ramsey seems to assert a claim for emotional distress, he makes it clear "[t]his count is for damages for false arrest and false imprisonment" (*id.*).

---

[2]In his complaint, Mr. Ramsey argues Defendant Ricky Jones acted with "deliberate indifference" when he initiated the traffic stop (Court File No. 1-1 at 2). This Court acknowledges "whether [a] plaintiff can establish his state law claims against the municipal defendants under the GTLA or Tenn. Code Ann. § 8-8-302 is a novel or complex issue of state law." *Thomas*, 2011 WL 32207, at *11. However, because Mr. Ramsey ultimately asserts a claim for negligence in Count Five, this Court finds his claim in Count Three is superceded by the GTLA.

[3]The statue of limitations for the GTLA is also one year. Tenn. Code Ann. § 29-20-305.

6

As a result, Defendants argue Count Four is time-barred under Tenn. Code Ann. § 28-3-104 as well. This Court agrees. The Court will **GRANT** Defendants' motion to dismiss as to this claim, and the Court will **DISMISS** Count Four of the complaint.

### 3. Count Five

In Count Five, Mr. Ramsey brings a cause of action for negligence as a result of his alleged false arrest and false imprisonment. Pursuant to Tenn. Code Ann. § 28-3-104, this claim is also barred by the statute of limitations. Therefore, the Court will **GRANT** Defendant's motion to dismiss as to this count and will **DISMISS** Count Five of Mr. Ramsey's complaint.

### 4. Count Six

Finally, Count Six asserts a claim for malicious prosecution against Defendant Ricky Jones. Because this cause of action did not accrue until March 3, 2010, Mr. Ramsey's claim is not time-barred. Accordingly, the Court will **DENY** Defendants' motion to dismiss as to this claim.

## IV. CONCLUSION

For the reasons stated, this Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss (Court File No. 3). Counts One, Three, Four, and Five of Mr. Ramsey's complaint will be **DISMISSED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**