UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH E. RAMSEY, ) | |
| ) | Case No. 1:10-CV-283 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| HAMILTON COUNTY, ) | |
| DEPUTY RICKY A. JONES, ) | |
| OFFICER JOHN DOE ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion for summary judgment and accompanying memorandum (Court Files No. 13, 14) filed by Defendants Hamilton County, Deputy Ricky A. Jones, and Officer John Doe (collectively, "Defendants"). Plaintiff Kenneth E. Ramsey ("Plaintiff") did not respond to Defendants' motion. For the following reasons, the Court will **GRANT IN PART** Defendants' summary judgment motion (Court File 13), and will **REMAND** Plaintiff's state law malicious prosecution claim to the Circuit Court of Hamilton County.

### I. FACTUAL & PROCEDURAL BACKGROUND

On September 14, 2009, Plaintiff was given a misdemeanor citation during a traffic stop effectuated by Defendant Ricky Jones for driving 70 miles per hour in a 55 miles per hour zone and for operating a vehicle with a suspended driver's license. Jones stopped Plaintiff on Interstate 75 ("I-75") North near Exit 9, also referred to as the "Volkswagen Exit." Plaintiff was not arrested or taken into custody; rather, he was allowed to promise to appear on the misdemeanor citation. According to Alan Wolfe, a traffic engineer employed by the Tennessee Department of

Transportation ("TDOT"), maintenance and the posting of signs along I-75 is the responsibility of TDOT, not Hamilton County (Court File No. 14, Wolfe Aff., ¶ 2). Wolfe also reviewed the applicable speed limits along the I-75 northbound corridor on the stretch of road traveled by Plaintiff, and determined the speed limit, while varying from 45 to 65 miles per hour, never reached 70 miles per hour (*Id.* at ¶¶ 4-5).

On March 3, 2010, Plaintiff appeared in General Sessions Court in Hamilton County, Tennessee, where all charges were dismissed. Plaintiff then filed suit against Hamilton County, Tennessee, Hamilton County Sheriff Jim Hammond, Sheriff's Deputy Chief Ron Parson, Deputy Ricky Jones, and Officer John Doe in the Circuit Court of Hamilton County on September 15, 2010. The officers were sued in their individual and official capacities. In his six-count complaint, Plaintiff made four claims. First, he alleged Defendants violated his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments. Second, he claimed Defendants' conduct violated Tenn. Code Ann. § 8-8-302.[1] Third, Plaintiff alleged Defendants violated his state law rights by falsely and illegally arresting, imprisoning, and detaining him. Finally, Plaintiff asserted Deputy Jones maliciously prosecuted him.

After removing the case to this Court in October 2010, Defendants filed a motion to dismiss (Court File No. 3), to which Plaintiff did not respond. Finding a number of Plaintiff's claims time-barred, the Court dismissed Counts One, Three, Four, and Five of the complaint (Court File No. 7).[2]

---

[1] Tenn. Code Ann. § 8-8-302 provides a state cause of action against counties for "any wrong, injury, damage, or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff."

[2] The dismissal of these Counts resulted in the dismissal of all claims against Sheriff Hammond and Deputy Chief Parson.

2

After the close of discovery, Defendants Hamilton County, Jones, and Doe filed a motion for summary judgment (Court File No. 13) on August 15, 2011.[3] Defendants seek summary judgment on the two remaining claims in Plaintiff's complaint.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2-3 (E.D. Tenn. Nov. 4, 2009) (explaining the Court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide

---

[3] The Scheduling Order set August 12, 2011 as the deadline for dispositive motions (Court File No. 5). On that date, Defendants moved the Court for a brief extension of time, until not later than August 16, 2011, in order to secure signatures on affidavits (Court File No. 9). The Court **GRANTS** Defendant's motion for an extension of time, and accepts as timely filed Defendants' motion for summary judgment.

3

evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

After having been cited for speeding and driving with a suspended license, Plaintiff commenced this lawsuit alleging, *inter alia*, violations of his federal Constitutional rights. Relying on 42 U.S.C. § 1983, Plaintiff makes wide-ranging allegations against Hamilton County for its "policy and custom . . . to fail to verify claims against Plaintiff" such that Plaintiff "and others similarly situated [are] in danger of again being subjected to this ordeal . . . at any time." Plaintiff further alleges Defendants Jones, Doe, and "the dispatcher at [] Jones' initial call-in" engaged in a malicious prosecution of Plaintiff. Having made these sundry allegations in state court in September 2010, Plaintiff has subsequently neither provided any evidence nor responded to any of Defendants' motions. Because the law, as well as basic common sense, dictates that receiving citations for speeding and driving with a suspended license do not amount to a deprivation of rights under the Constitution or federal law, the Court will grant Defendants' motion for summary judgment.

**A.** **§1983 Claims**

4

To state a general claim under § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastepointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Similarly, a suit against a municipality involves a two-prong inquiry. *Cash v. Hamilton Cnty. Dep't of Adult Prob.,* 388 F.3d 539, 542 (6th Cir. 2004). The court must determine: 1) whether the plaintiff has been deprived of a constitutional right; and 2) whether the municipality is responsible for the violation. *Id*.

A municipality cannot be liable under a *respondeat superior* theory for § 1983 violations. *Id*. Rather, municipalities are liable when they "have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Id*. (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Additionally, even absent a policy "officially adopted" by a municipality's officers, a § 1983 plaintiff "may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff bears the burden of showing "that the unconstitutional policy or custom existed, that the policy or custom was connected to the [municipality], and that the policy or custom caused [the] constitutional violation." *Napier v. Madison Cnty.*, 238 F.3d 739, 743 (6th Cir. 2001).

Failure to adequately train or supervise officers can rise to the level of a *de facto* unconstitutional policy or custom if a plaintiff can show: "(1) the training or supervision [] was inadequate to the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v.*

5

*Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (quoting *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Loggins v. Franklin Cnty.*, 218 F. App'x 466, 473 (6th Cir. 2007) (quotation omitted).

### 1. Claim Against Hamilton County

Plaintiff's claim against Hamilton County stumbles on both prongs of the municipality liability standard. Taking the second prong first, Plaintiff has failed to establish the municipality is responsible for the alleged violation of Plaintiff's federal rights. Count 2 of Plaintiff's complaint emphasizes the County's alleged failure to install or maintain the "require signage" (Court File No. Complaint, ¶ 18). In fact, Hamilton County is not responsible for installing and maintaining the posted speed limit signs along I-75; instead, this responsibility is vested in TDOT, a state entity (*see* Court File No. 14, Wolfe Aff., ¶ 2).[4] Thus, Plaintiff cannot establish the municipality–Hamilton County–is responsible for the alleged violation.

Plaintiff also falls well short of demonstrating the first prong of the municipality liability standard, namely, that he has been deprived of a constitutional right. *Cash*, 388 F.3d at 542. Simply put, there is no evidence in the record–and Plaintiff adduces none in his complaint–indicating Hamilton County has violated any of Plaintiff's constitutional or federal statutory or common law

---

[4] Because the Tennessee Department of Transportation is a state facility, the Eleventh Amendment forecloses any damages claim Plaintiff would advance against it. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

rights. Although Plaintiff alleges a policy and custom of Hamilton County to "fail to verify claims against Plaintiff," this allegation finds no support in the evidence before the Court. Plaintiff points to no official municipal policy to fail to verify claims against him. Nor does Plaintiff indicate an unofficial, but widespread and condoned practice to fail to verify claims against him. *See Monell*, 436 U.S. at 691. Finally, to the extent Plaintiff's complaint can be read to allege Hamilton County's failure to adequately train or supervise its officers, Plaintiff has not demonstrated a single element of the three-part showing required to establish this claim. *Ellis*, 455 F.3d at 700. Plaintiff has simply not shown any "deliberate indifference" on the part of Hamilton County. Accordingly, summary judgment in favor of Hamilton County is appropriate.

### 2. Claim Against Defendants Jones & Doe

Defendants raise a qualified immunity defense to Plaintiff's § 1983 claim. The qualified immunity doctrine shields government officials performing discretionary actions from civil damages liability as long as their actions reasonably could have been thought consistent with the rights they are alleged to have violated. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Even if a government official deprives a plaintiff of a federal right, "qualified immunity will apply if an objective reasonable officer would not have understood, by referencing clearly established law, that his conduct was unlawful." *Painter v. Robertson*, 185 F.3d 557, 567 (6th Cir. 1999). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The plaintiff bears the burden of showing a defendant is not entitled to qualified immunity. *See Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

To determine if qualified immunity applies, courts employ a two-part test. First, courts determine whether the facts, taken in a light most favorable to the party alleging injury, show an

7

officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, if a Constitutional right was violated, courts must determine "whether the violation involved a clearly established constitutional right of which a reasonable person would have known." *Peete v. Metro. Gov't of Nashville and Davidson Cnty.*, 486 F.3d 217, 219 (6th Cir. 2007) (citation omitted); *see also Saucier*, 533 U.S. at 201. This second inquiry looks closely at the particular context of the case rather than asking whether a right was clearly established "as a broad general proposition." *Saucier*, 533 U.S. at 201. If a plaintiff fails to establish either of these prongs, she has failed to carry her burden and judgment is appropriate for the defendant. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). Since the failure of either prong is dispositive in favor of a defendant, the Court may address either prong first. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).[5]

Here, because Plaintiff cannot show the conduct of Deputy Jones, Officer Doe, or any other government official involved with Plaintiff's citation for traffic violations violated a constitutional right, qualified immunity is appropriate. Nothing in the record indicates any basis for Plaintiff's claim he suffered a deprivation of his federal rights. In an uncontroverted affidavit, Deputy Jones indicates he did not know Plaintiff prior to the traffic stop, and he further "had no reason to single [Plaintiff] out for mistreatment or intimidation" (Court File No. 14, Jones Aff., ¶ 18). The affidavit also describes in detail Deputy Jones's rationale for stopping Plaintiff, and the procedures Jones

---

[5] Because qualified immunity shields reasonable conduct, even when it is mistaken, the Sixth Circuit has at times added a third line of inquiry to the traditional two-part test: "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Peete*, 486 F.3d at 219; *cf. Everson v. Leis*, 556 F.3d 484, 494 n.4 (6th Cir. 2009) (stating regardless of whether the two-prong or the three-prong test is applied, "the essential factors considered are [] the same"). "[I]f officers of reasonable competence could disagree [on the legality of the action], immunity should be recognized." *Malley*, 475 U.S. at 341. Because this case can be resolved under the two-part test, the Court need not consider this third inquiry.

used in effecting that stop (*Id.* at ¶¶ 2-13). Even construing facts in the light most favorable to Plaintiff, there is no suggestion of a violation of federal law in this routine encounter. Plaintiff neither describes facts nor cites cases in support of his claim his federal rights have been violated.

Because the facts construed in the light most favorable to Plaintiff do not show that Deputy Jones, Officer Doe, or any other government official violated Plaintiff's constitutional rights, qualified immunity for Defendants is proper.[6] This immunity thus bars Plaintiff's claims as to these Defendants, and summary judgment for Defendants Jones and Doe is therefore appropriate.

### B. State Law Claim

Plaintiff also asserts a malicious prosecution claim against Deputy Jones under Tennessee common law. As a state law claim brought in a federal-question case, the claim can only be heard by the Court through the exercise of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.

---

[6] Because the failure of either prong of the two-part qualified immunity inquiry is dispositive in favor of a defendant, *see Pearson* 129 S. Ct. at 818, the Court, having found Plaintiff's claim deficient on the first prong, need not analyze the claim under the second prong.

9

1993).

When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). A federal district court should only exercise its discretion to retain supplemental jurisdiction after dismissing federal claims under limited circumstances, which frequently involve some degree of forum manipulation. *See Carnegie-Mellon*, 484 U.S. at 357. There is no indication of manipulative tactics in this case, and no other compelling reason for the Court to retain supplemental jurisdiction over Plaintiff's state law malicious prosecution claim. Accordingly, remand to the Circuit Court of Hamilton County is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT IN PART** Defendant's motion for summary judgment (Court File No. 13), and will **REMAND** Plaintiff's state law claim to the Circuit Court of Hamilton County. There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**